**\*AMENDED BLD-060**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2882
_____

SHAKUR C. GANNAWAY, a/k/a Shakur D. Gannaway,

Appellant

v.

NICHOLAS STROUMBAKIS; CHRISTOPHER B. CONNARD; OSMER S. DEMING;
WILLIAM BISPEL; DOUGLAS WALTMAN; JOHN FIELDING, III; JUDGE JAMES
M. BUCCI, TRIAL JUDGE; KENNETH W. KELECIC; MATTHEW A. THREN,
ASSISTANT DISTRICT ATTORNEY; DISTRICT ATTORNEY BERKS COUNTY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-20-cv-03573)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 30, 2020

Before:  AMBRO, SHWARTZ, and PORTER, <u>Circuit Judges</u>

(Opinion filed:  January 14, 2021)

OPINION[*]

PER CURIAM

Appellant Shakur Gannaway, an inmate proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint for failure to state a claim. For the reasons that follow, we will summarily affirm the District Court's judgment.

Because we write primarily for the benefit of the parties, we recite only the relevant facts. In May 2010, Gannaway was convicted in Pennsylvania state court for robbery and related offenses and sentenced to 15 to 30 years in prison. In July 2015, he filed a petition for habeas corpus in the Eastern District of Pennsylvania, alleging ineffective assistance of counsel on the part of multiple attorneys appointed to represent him at various stages for, among other things, failing to timely file an appeal on his behalf. Three years later, the District Court adopted a Magistrate Judge's recommendation and granted Gannaway's habeas petition, ordering his direct appeal rights reinstated. See Gannaway v. Glunt, No. 5:15-cv-4241, 2018 WL 6106377 (E.D. Pa. Nov. 21, 2018). The Commonwealth of Pennsylvania complied.

In May 2020, Gannaway commenced the instant action pursuant to 42 U.S.C. § 1983, naming as defendants the presiding judge from his criminal trial, three prosecutors

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

from the Berks County District Attorney's office, the five attorneys who represented him at various stages of his original criminal proceeding, and the attorney who represented him upon restoration of his direct appeal rights. The complaint alleged an assortment of Fifth, Sixth, Eighth, and Fourteenth Amendment violations stemming from his criminal trial. For relief, Gannaway sought either modification of his sentence or immediate release, coupled with compensatory and punitive damages from the various defendants.

The District Court dismissed Gannaway's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief could be granted. It found that to the extent Gannaway sought relief from custody or modification of his sentence, his claims were not cognizable in a civil rights action, and urged him instead to file a new habeas petition after exhausting his state remedies. The District Court also held that the claims against the trial judge in his official capacity were barred by the Eleventh Amendment, and the claims against the prosecutors in their official capacities failed to allege a municipal policy or practice. Moreover, it held the judge and prosecutors in their individual capacities were absolutely immune from liability under § 1983. Finally, the District Court held that Gannaway's various court-appointed defense counsel were not state actors for the purposes of § 1983. Gannaway timely filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal under the same de novo standard of review that we apply to our review of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To avoid dismissal under Rule 12(b)(6), a

civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and we construe Gannaway's pro se complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We also review de novo legal determinations regarding immunity. See Dotzel v. Ashbridge, 438 F.3d 320, 324–25 (3d Cir. 2006). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court that the complaint fails to state a claim and dismissal was proper under § 1915(e)(2)(B)(ii). Section 1983 "provides that every person who acts under color of state law to deprive another of a constitutional right shall be answerable to that person in a suit for damages." Imbler v. Pachtman, 424 U.S. 409, 417 (1976) (internal quotation marks and alteration omitted). If a prisoner brings suit seeking to reduce or vacate a sentence, the "sole federal remedy is a writ of habeas corpus," and not a civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Here, Gannaway sought release or "sentencing merger," see Compl. at 5–6, ECF No. 2; 42 Pa. Cons. Stat. § 9765, among various prayers for relief. Such a claim is not cognizable in a § 1983 action; moreover, even for the purposes of a habeas claim, Gannaway does not name any

4

officials responsible for his custody as defendants. We agree with the District Court that Gannaway's remedies for challenges to his incarceration are in habeas.[1]

When a plaintiff brings a civil rights action against a government employee, courts distinguish between the employee's official and individual capacity. See Kentucky v. Graham, 473 U.S. 159, 165-68 (1985). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment "render[s] states—and, by extension, state agencies and departments and officials when the state is the real party in interest—generally immune from suit by private parties in federal court." Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002). "Pennsylvania's judicial districts are arms of the state entitled to Eleventh Amendment immunity." Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 195 (3d Cir. 2008). Here, the District Court held that the trial judge, as an

---

[1] See Mem. Op at 5 n.7, ECF No. 6. Moreover, in his submissions to this Court, Gannaway raises new claims concerning his First Amendment right of access to the courts. See Resp., CA3 ECF No. 13; Doc. in Supp. of Appeal, CA3 ECF No. 14. Again, no corrections defendants are named in this action, nor were these claims a part of Gannaway's initial complaint. A claim based on a denial of access to the courts through the closure of the law library or other means would have to be the subject of a separate action. The lack of defendant corrections officials also means that to the extent Gannaway alleges mistreatment in prison, he does not connect this behavior to any individual. See, e.g., Compl. at 6, ECF No. 2 ("At Berks County Prison I was torture, starve [sic], and subjected to sleeping on a metal frame."). Though some theoretical causal chain may exist between the conduct of the attorneys and Gannaway's presence in prison, the named defendants have no personal involvement in the conditions of Gannaway's confinement, and therefore cannot be held liable for any alleged injuries as a result thereof. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

employee of the judicial district, was entitled to Eleventh Amendment immunity from suit in his official capacity, and we agree.

The District Court also held that the prosecutors could not be held liable in their official capacity, because Gannaway did not allege an unconstitutional policy or custom. As discussed above, a suit against a government employee in an official capacity is a suit against the employer. See Will, 491 U.S. at 71 Municipalities may not be held liable under § 1983 on a respondeat superior theory and are only answerable for their own unconstitutional policies or established customs. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). The District Court held that Gannaway's complaint could not be read to allege the existence of such a policy or custom, and we agree. Throughout his complaint, Gannaway alleges "abandonment" by his attorneys and various prosecutorial misconduct, but quite obviously suggests that these actions were taken by individuals and aimed squarely at him, rather than part of a systemic practice. The closest he comes to alleging policy or custom are his references to "'Jim Crow' tactics," yet he never specifies beyond a bare assertion of disparity between his own sentence and that of the gunman in the robbery for which he was convicted, which he refers to as an "overcharge for the color of my skin." Compl. at 4, ECF No. 2. Because, even construing the complaint liberally, Gannaway failed to allege a municipal policy or custom, the District Court properly dismissed the official capacity claims against the prosecutors.

Although limited, certain government employees also enjoy immunity in their individual capacities from liability under § 1983 for conduct within the scope of their

duties. A judge is immune from liability for actions taken in his judicial capacity, unless such action is taken in the absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Similarly, "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler, 424 U.S. at 430–31). Here, the District Court properly evaluated the immunities to which the various defendants were entitled; the trial judge and prosecutors are absolutely immune from suit under § 1983 in their individual, personal capacities for the conduct Gannaway alleged.

The District Court also considered Gannaway's claims against his court-appointed private defense attorneys and found that they were not "state actors." See Mem. Op. at 7–8, ECF No. 6. In a suit under § 1983, "[the] color of state law element is a threshold issue," and thus there is no liability if the defendant is not acting under color of state law. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). A privately retained attorney clearly does not act under color of state law, and we previously have held that "no color of state law attache[s] to the functions of court-appointed counsel." Black v. Bayer, 672 F.2d 309, 314 (3d Cir. 1982), abrogated on other grounds by D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1368 n.7 (3d Cir. 1992); cf. Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders are not state actors). Here, Gannaway named as defendants multiple attorneys appointed to represent

him and sought damages for their alleged ineffectiveness. Because these court-appointed attorneys are not state actors under § 1983, the District Court's dismissal was correct.

Lastly, the District Court dismissed Gannaway's complaint with prejudice, not affording him an opportunity to amend. Generally, before dismissing a complaint for failure to state a claim, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). Here, the District Court did not opine on the inequity or futility of any attempt at amendment, instead simply stating that it would not grant leave to amend. However, in so doing, the District Court noted that its dismissal was without prejudice to any future filing of a habeas petition once Gannaway has exhausted his available state remedies. See Ord. at 2 n.1, ECF No. 7. We therefore find that, considering its measured discussion of habeas as the proper avenue for resolution of Gannaway's claims, any error in the District Court's failure to address the futility of amendment was harmless.

For the foregoing reasons, Gannaway's appeal fails to present any substantial question, and we will summarily affirm the District Court's order dismissing this action.[2]

---

[2] Gannaway's motions to appoint counsel are also denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (holding that the "arguable merit" of a claim is a "threshold matter" to the exercise of discretion in appointing counsel under § 1915).

8